UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| ROCA RESOURCE COMPANY, INC. § <br> and ROCKHILL ROYALTY § <br> PARTNERS, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> DEVON ENERGY PRODUCTION § <br> COMPANY, L.P., § <br> § <br> Defendant. § | No. 4:14–CV–085–DAE |

ORDER GRANTING DEFENDANT'S PARTIAL MOTION FOR JUDGMENT
ON THE PLEADINGS AGAINST PLAINTIFF ROCKHILL ROYALTY
PARTNERS

Before the Court is a Partial Motion for Judgment on the Pleadings Against Plaintiff Rockhill Royalty Partners ("Rockhill") filed by Defendant Devon Energy Production Company, L.P. ("Defendant"). (Dkt. # 11.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the supporting and opposing memoranda, the Court, for the reasons that follow, **GRANTS** Defendant's Partial Motion for Judgment on the Pleadings. (Dkt. # 11.)

BACKGROUND

In 2004, Plaintiff ROCA Resource Company ("ROCA") operated various oil and gas leases covering all of Section 20, Block 54, Township 1, T&P

1

Case 4:14-cv-00085-DAE   Document 24   Filed 07/22/15   Page 2 of 11

Ry. Company Survey, Loving County, Texas (the "Leases").  (Dkt. # 19 at 2.) Effective January 1, 2004, ROCA and Jim Hillman, as assignors, assigned and transferred to Rockhill, as assignee, a 6.26562% overriding royalty interest in the Leases (the "ORRI Assignment").  (Id.)  The ORRI Assignment included the following provisions:

- The overriding royalty interest conveyed herein shall apply to and burden any and all modifications, renewals, or extensions of the Lease which may be secured by Assignor, its successors or assigns and shall attach to and burden any new lease covering all or any part of the lands covered by the Lease acquired by Assignee, its successors or assigns, within two (2) years following the termination, cancellation, surrender or release of the lease.

- Assignor owes Assignee a duty of good faith and fair dealing when taking any action which might have an effect on Assignee's overriding royalty interest; and, more specifically, Assignor agrees that it will not surrender or release the Lease unless it has a good faith belief that all wells situated on the Lease or lands pooled therewith have ceased producing in paying quantities.

- This assignment and all of its terms and conditions are binding upon and shall inure to the benefit of the Assignor, Assignee, and each of their heirs, executors, administrators, personal representatives, successors and assigns, and anyone claiming title to the Lease of overriding royalty by, through or under them.

(Id. at 2–3.)

Effective April 1, 2011, ROCA assigned its interest in the Leases to Defendant (the "Leases Assignment").  Defendant then became the successor-in-interest of ROCA under the Leases, and was therefore bound and obligated by all of the terms and conditions of the ORRI Assignment.  (Id. at 3.)  On or about

2

November 1, 2013, actions by Defendant resulted in the Leases expiring which extinguished the ORRI Assignment.  (Id.)

On September 25, 2014, Rockhill and ROCA (collectively, "Plaintiffs") filed their Original Petition in Loving County District Court.  (Dkt. # 1-3.)  Plaintiffs' Original Petition included three causes of action: (1) breach of contract, (2) negligence, and (3) breach of the duty of good faith and fair dealing.  (Id.)  On October 28, 2014, Plaintiffs filed their First Amended Original Petition.  ("Compl.," Dkt. # 1-9.)  On November 20, 2014, Defendant filed its Notice of Removal, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)  On January 28, 2015, Defendant filed the instant Motion for a Partial Motion for Judgment on the Pleadings.  (Dkt. # 11.)  On February 6, 2015, Rockhill filed a Response.  (Dkt. # 12.)  On February 13, 2015, Defendant filed a Reply.  (Dkt. # 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay the trial—any party may move for judgment on the pleadings."  Judgment on the pleadings is proper where there are no disputed issues of fact and only questions of law remain.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citing Voest-Alpine Trading USA Corp v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)) (internal quotation marks omitted).

3

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows dismissal of a claim if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. Great Plains Trust Co., 313 F.3d at 312–13 (quoting Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcraft v. Iqbal, 556 U.S. 662, 678 (2009)). When ruling on a 12(c) motion, the court may properly consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and central to its claim. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 49899 (5th Cir. 2000).

Because the Court is exercising diversity jurisdiction in this case, the Court applies the substantive law of Texas to the following analysis. See Colony

4

Ins. Co. v. Peachtree Constr., Ltd. 647 F.3d 225, 252 (5th Cir. 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

## DISCUSSION

Defendant asks the Court to enter judgment on the pleadings with respect to Rockhill's claims for negligence, breach of the duty of good faith and fair dealing, and exemplary damages. (Dkt. # 11 at 5.) Defendant argues that the negligence claim fails as a matter of law because it is barred by the economic loss doctrine. Defendant also contends that the breach of duty of good faith and fair dealing claim fails as a matter of law because no such independent duty exists apart from the express contractual language. Finally, Defendant argues that because Rockhill's only cognizable claim is for breach of contract, it has no legal basis to support its claim for exemplary damages. (Id.) The Court addresses each of Defendant's arguments below.

I.   Negligence Claim and Economic Loss Doctrine

Defendant argues that Rockhill's negligence claim is barred by the economic loss doctrine because (1) the obligation owed by Defendant to Rockhill arose solely out of the alleged contractual relationship between the parties, and (2) Rockhill's alleged loss is purely economic and only arises because of Defendant's alleged contractual allegations. (Id. at 6–7.)

Under Texas law, the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." Lamar Homes, Inc. v. Mid-Continent Cas. Co., 242 S.W.3d 1, 12 (Tex. 2007). As such, a party may not recover tort damages if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991). However, tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." Id. "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." Stanley Indus. of S. Fla. v. J.C. Penney Co., No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 45–47 (Tex. 1998)).

The Texas Supreme Court has explained that "[t]he nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986). "Thus, "in order for a tort duty to arise out of a contractual duty, i.e., a

6

negligent failure to perform a contract, the liability must arise independent of the fact that a contract exists between the parties; the defendant must breach a duty imposed by law rather than by the contract." Coachmen Indus., Inc. v. Willis of Ill., Inc., 565 F. Supp. 2d 755, 772 (S.D. Tex. 2008).

### A.     Source of the Duty

Defendant contends that its obligation to Rockhill arose solely out of the contractual relationship between the parties.  (Dkt. # 11 at 6.)  Under Texas law, "[i]f the action depends entirely on pleading and proving the contract in order to establish the duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings." Coachmen Indus., 565 F. Supp. 2d at 772 (quoting OXY USA, Inc. v. Cook, 127 S.W.3d 16, 20 (Tex. App. 2003)).  The Court notes that Plaintiffs' Complaint specifically alleges that Defendant's duties arise under the contracts.  (Compl. § VI.)  Nevertheless, Rockhill responds that Defendant's duties arose not only from its contract with Rockhill, but also under Texas common law.  (Dkt. # 12 at 1.)

Specifically, Rockhill argues that Defendant owed a duty to protect the leasehold and to act as a reasonably prudent operator by virtue of the implied covenants contained in the oil and gas leases.  (Id. at 12.)  However, Texas law holds that such implied covenants are imposed by contract, and that as a consequence, breaches of these implied covenants sound in contract rather than

7

tort. Amoco Prod. Co. v. Alexander, 622 S.W.2d 563, 571 (Tex. 1981) (holding that the implied covenant to protect against drainage, which is part of the broader implied covenant to protect the leasehold, is contractual in nature); Exxon Corp. v. Pluff, 94 S.W.3d 22, 29 (Tex. App. 2002) (noting that "an alleged breach of a lease covenant sounds in contract, not in tort"). The Court thus finds that any duties owed to Rockhill by Defendant arise out of the contract between the parties.

    B.    <u>Nature of Injury</u>

Defendant also argues that Rockhill's only injury is economic loss relating to the subject of the contract. (Dkt. # 11 at 7.) "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." Jim Walter Homes, 711 S.W.3d at 618. Rockhill does not assert that it suffered injury other than the economic loss in the contract. Rather, Rockhill specifically asserts it has "been damaged in the loss of the fair market value of its overriding royalty interest it would have enjoyed under the [ORRI] Assignment and all lost profits and revenues associated therewith." (Compl. § VIII.) Accordingly, Rockhill's injury is limited to the loss it suffered as a result of the extinguishment of the ORRI Assignment. Because Defendant's duties arose out of the ORRI Assignment, and because Rockhill alleges only economic loss relating to the subject of the contract, the equitable loss doctrine bars Rockhill's negligence claim against Defendant.

II.     Duty of Good Faith and Fair Dealing

Defendant next argues that it is entitled to judgment on the pleadings on Rockhill's breach of the duty of good faith and fair dealing claim because its alleged duty arises from the express language of the ORRI Assignment. Defendant contends that as a result, any alleged breach of this duty gives rise only to a breach of contract claim. (Dkt. # 11 at 8.)

Under Texas law, the duty of good faith and fair dealing can arise in two different ways. Jhaver v. Zapata Off-Shore Co., 903 F.2d. 381, 385 (5th Cir. 1990). First, the duty may arise through express contractual language. Id. Second, the duty may arise when there is a special relationship of trust and confidence between the parties. Id. Here, the ORRI Assignment provides that Defendant owed Rockhill a contractual duty of good faith and fair dealing: "Assignor owes Assignee a duty of good faith and fair dealing when taking any action which might have an effect on Assignee's overriding royalty interest . . . ." (Compl. § IV, ¶ 2.) Accordingly, Plaintiffs' Complaint sufficiently alleges that Defendant owed Rockhill a duty of good faith and fair dealing under the ORRI Assignment. (Id. § VII.)

The duty of good faith and fair dealing may also arise though the existence of a special relationship between the parties. Jhaver, 903 F.2d. at 385. The Court notes that Rockhill did not plead the existence of such a duty arising

9

from a special relationship between the parties.  However, even if Rockhill had made such an allegation, a special relationship does not exist between Defendant and Rockhill because the mere assignment of an oil and gas lease reserving an overriding royalty interest does not in itself create a confidential or fiduciary relationship between the assignor and assignee.  <u>Exploration Co. v. Vega Oil & Gas Co.</u>, 843 S.W.2d 123, 126 (Tex. App. 1992).

Where the duty of good faith and fair dealing arises out of a contract rather than a special relationship between the parties, a breach of that duty "gives rise only to a cause of action for breach of contract and does not give rise to an independent tort cause of action."  <u>Crim Truck & Tractor v. Navistar Int'l Corp.</u>, 823 S.W.2d 591, 595 n.5 (Tex. 1992).  For that reason, judgment on the pleadings is proper with respect to Rockhill's breach of the duty of good faith and fair dealing claim.

III.    <u>Exemplary Damages</u>

Finally, Defendant argues that Rockhill's claim for exemplary damages fails because its only cognizable claim is for breach of contract, and Texas law does not allow for recovery of exemplary damages on breach of contract claims.  (Dkt. # 11 at 11.)  Texas law holds that "[e]xemplary damages may not be recovered for even a 'malicious, intentional, or capricious' breach of contract . . . 'unless a distinct tort is alleged and proved.'"  <u>Primo v. Great Am. Ins. Co.</u>, 455

S.W.3d 714, 731 (Tex. App. 2015) (quoting Alexander, 622 S.W.2d at 571)); see also Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069–70 (5th Cir. 1984). Because the Court has granted Defendant's motion for judgment on the pleadings as to Rockhill's claims for negligence and breach of the duty of good faith and fair dealing, Rockhill has no remaining tort cause of action to support a claim for exemplary damages.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Partial Motion for Judgment on the Pleadings. (Dkt. # 11.)

**IT IS SO ORDERED.**

**DATED:** Pecos, Texas, July 22, 2015.

_____
David Alan Ezra
Senior United States Distict Judge