UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ROCA RESOURCE COMPANY, INC. and ROCKHILL ROYALTY PARTNERS,<br><br>          Plaintiffs,<br><br>vs.<br><br>DEVON ENERGY PRODUCTION COMPANY, L.P.,<br><br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:14–CV–085–DAE |

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS AGAINST PLAINTIFF ROCA RESOURCE COMPANY, INC.

          Before the Court is a Motion for Judgment on the Pleadings Against

Plaintiff ROCA Resource Company, Inc. ("ROCA") filed by Defendant Devon

Energy Production Company, L.P. ("Defendant").  (Dkt. # 10.)  Pursuant to Local

Rule CV-7(h), the Court finds this matter suitable for disposition without a

hearing.  After reviewing the Motion and the supporting and opposing memoranda,

the Court, for the reasons that follow, **GRANTS** Defendant's Motion for Judgment

on the Pleadings.  (Dkt. # 10.)

BACKGROUND

          In 2004, ROCA operated various oil and gas leases covering all of

Section 20, Block 54, Township 1, T&P Ry. Company Survey, Loving County,

1

Texas (the "Leases").  (Dkt. # 19 at 2.)  Effective January 1, 2004, ROCA and Jim Hillman, as assignors, assigned and transferred to Plaintiff Rockhill Royalty Partners ("Rockhill"), as assignee, a 6.26562% overriding royalty interest in the Leases (the "ORRI Assignment").  (Id.)  The ORRI Assignment included the following provisions:

- The overriding royalty interest conveyed herein shall apply to and burden any and all modifications, renewals, or extensions of the Lease which may be secured by Assignor, its successors or assigns and shall attach to and burden any new lease covering all or any part of the lands covered by the Lease acquired by Assignee, its successors or assigns, within two (2) years following the termination, cancellation, surrender or release of the lease.

- Assignor owes Assignee a duty of good faith and fair dealing when taking any action which might have an effect on Assignee's overriding royalty interest; and, more specifically, Assignor agrees that it will not surrender or release the Lease unless it has a good faith belief that all wells situated on the Lease or lands pooled therewith have ceased producing in paying quantities.

- This assignment and all of its terms and conditions are binding upon and shall inure to the benefit of the Assignor, Assignee, and each of their heirs, executors, administrators, personal representatives, successors and assigns, and anyone claiming title to the Lease of overriding royalty by, through or under them.

(Id. at 2–3.)

Effective April 1, 2011, ROCA assigned its interest in the Leases to Defendant (the "Leases Assignment").  Defendant then became the successor-in-interest of ROCA under the Leases, and was therefore bound and obligated by all of the terms and conditions of the ORRI Assignment.  (Id. at 3.)  On or about

November 1, 2013, actions by Defendant resulted in the Leases expiring which extinguished the ORRI Assignment.  (Id.)

On September 25, 2014, Rockhill and ROCA (collectively, "Plaintiffs") filed their Original Petition in Loving County District Court.  (Dkt. # 1-3.)  Plaintiffs' Original Petition included three causes of action: (1) breach of contract, (2) negligence, and (3) breach of the duty of good faith and fair dealing. (Id.)  On October 28, 2014, Plaintiffs filed their First Amended Original Petition. ("Compl.," Dkt. # 1-9.)  On November 20, 2014, Defendant filed its Notice of Removal, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)  On January 28, 2015, Defendant filed the instant Motion for a Partial Motion for Judgment on the Pleadings.  (Dkt. # 10.)  On February 11, 2015, ROCA filed a Response.  (Dkt. # 13.)  On February 17, 2015, Defendant filed a Reply. (Dkt. # 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay the trial—any party may move for judgment on the pleadings."  Judgment on the pleadings is proper where there are no disputed issues of fact and only questions of law remain.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citing Voest-Alpine Trading USA Corp v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)) (internal quotation marks omitted).

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  Rule 12(b)(6) allows dismissal of a claim if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  In analyzing a motion to dismiss for failure to state a claim, the court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. Great Plains Trust Co., 313 F.3d at 312–13 (quoting Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcraft v. Iqbal, 556 U.S. 662, 678 (2009)).  When ruling on a 12(c) motion, the court may properly consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and central to its claim. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 49899 (5th Cir. 2000).

Because the Court is exercising diversity jurisdiction in this case, the Court applies the substantive law of Texas to the following analysis. See Colony

Ins. Co. v. Peachtree Constr., Ltd. 647 F.3d 225, 252 (5th Cir. 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

DISCUSSION

Defendant argues that judgment on the pleadings is proper because each of ROCA's claims fails as a matter of law for two reasons.  (Dkt. # 10 at 1.)  First, ROCA does not allege that it suffered any injury or damage caused by Defendant.  (Id.)  Second, ROCA does not have standing to assert its claims because it did not own any oil and gas interest at issue during the relevant time period.  (Id.)  ROCA responds that it is a nominal plaintiff in this case, and admits that it has no interest in the causes of action pled by Rockhill.  (Dkt. # 13 at 1.)  The Court addresses each of Defendant's arguments below.

I.      Damages Allegedly Suffered by ROCA

Defendant first argues that, taking all of the allegations in the Amended Complaint as true, ROCA fails to allege any damages caused by Defendant.  (Id. at 5.)  Put otherwise, because damages are an essential element of each of ROCA's causes of action, ROCA fails to state a claim upon which relief may be granted.  As explained above, ROCA's Complaint alleges three causes of action: (1) breach of contract, (2) negligence, and (3) breach of duty of good faith and fair dealing.  (Compl. §§ V–VII.)  Upon review of the Complaint, the Court

finds that it does not allege any damages to ROCA caused by Defendant.  Rather, it
alleges only that Rockhill has been damaged by Defendant.[1]

Damages are an element of each of ROCA's three causes of action
under Texas law.  Smith Int'l. Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir.
2007) (noting that damages sustained by the plaintiff as a result of the breach is an
element of a breach of contract claims); Boudreaux v. Swift Transp. Co., Inc., 402
F.3d 536, 54041 (5th Cir. 2005) (noting that damages proximately caused by the
breach is an element of a negligence claim); Radenbaugh v. State Farm Lloyds,
No. 4:13-CV-339-A, 2013 WL 4442024, at *6 (N.D. Tex. Aug. 16, 2013) (noting
that to state a claim for the breach of the duty of good faith and fair dealing, a
plaintiff must allege that the defendant's conduct caused actual damages beyond
breach of contract damages).  Failure to allege the essential elements of each cause

---

[1] Section IV, Background Facts, does not explicitly assert that ROCA was injured
or damaged by Devon.  Rather, the pleaded facts claim that Devon caused damages
to Rockhill.  Section V, Breach of Contract, asserts that Rockhill has been deprived
of all benefits of its overriding royalty interest and that "as a proximate cause of
DEVON's breach, ROCKHILL has been damaged…."  (Compl. § IV.)  Section
VI, Negligence, states, "[a]s a direct and proximate result of the negligence of
DEVON, ROCKHILL has been damaged…."  (Id. § VI.)  Section VII, Breach of
Duty of Good Faith and Fair Dealing, states, "DEVON's breach was a proximate
cause of the loss, expense, and damage suffered by ROCKHILL…."  (Id. § VII.)
Section VIII, Damages, states, "As a direct, proximate and/or cause-in-fact of
DEVON's conduct described above, ROCKHILL has been damaged…."  (Id.
§ VIII.)  Section IX, Exemplary Damages, states "Devon's conduct was
specifically intended to cause substantial injury to ROCKHILL… ROCKHILL
therefore seeks exemplary damages in an amount to be assessed by the trier of
fact."  (Id. § IX.)

of action constitutes failure to state a claim for which relief can be granted, and judgment on the pleadings is therefore proper as to all three claims.  See Parr v. Deutsche Bank Nat'l Trust, No. SA-13-CV-930-XR, 2014 WL 3943698, at *24 (W.D. Tex. Aug 11, 2014) (granting a defendant's Rule 12(c) motion because the plaintiff failed to allege essential elements of each of its causes of action).

II.   ROCA's Standing to Bring Claims

         Although the Court has already determined that judgment on the pleadings is proper, the Court addresses Defendant's secondary argument for the sake of thoroughness.  Defendant argues that because ROCA did not have an interest in the Leases or the ORRI at the time of the alleged wrongful acts, ROCA lacks standing to pursue its claims.  (Dkt. # 10 at 7.)  In Texas, the general test for standing requires that the "plaintiff show a distinct injury and a real controversy between the parties which will be actually determined by the judicial declaration sought."  Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex. App. 2005) (internal quotation and editing marks omitted).  "Because the Texas test for standing parallels the federal test for Article III standing, Texas courts 'turn for guidance to precedent from the U.S. Supreme Court, which has elaborated on standing's three elements.'"  PEMEX Exploracion y Produccion v. Murphy Energy Corp., 932 F. Supp. 2d 961, 965 (S.D. Tex. 2013) (quoting Heckman v. Williamson Cnty., 369 S.W.3d 137, 154 (Tex. 2012)).

7

To establish standing, a plaintiff must prove three elements: (1) "the plaintiff must have suffered an injury in fact…which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, . . . that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted).

ROCA lacks standing to pursue its claims because, for the reasons explained above, it fails to prove that it has suffered an injury in fact.  To establish standing, "[t]he plaintiff must be personally injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." Heckman, 369 S.W.3d at 155.  Without an injury, ROCA also cannot establish that an injury will be redressed by a favorable decision.  See Flores v. Koster, No. 3:11-0CV-0726-M-BH, 2014 WL 1243676, at *9 (N.D. Tex. Mar. 25, 2015) (citing Sprint Comm. Co., v. APCC Servs., Inc., 554 U.S. 268, 287 (2008) (finding that plaintiff cannot meet the redressibility element of standing without having suffered a personal injury).  In addition to the lack of allegations

8

regarding damages, ROCA's lack of standing also makes judgment on the pleadings proper.  See e.g., id. at *10 (granting defendant's motion for judgment on the pleadings because plaintiffs lacked standing); Puga v. Williamson-Dickie Mfg. Co. No. 4:09-CV-335-A, 2009 WL 3363823, at *4 (N.D. Tex. Oct 16, 2009) (holding that since plaintiff had failed to allege that he had standing to bring claims, defendant was entitled to judgment on the pleadings); Buras v. Gerdes, No. 05-2671, 2006 WL 2513424, at *1 (E.D. La Aug. 25, 2006) (granting defendant's motion for judgment on the pleadings because plaintiff lacked standing to bring claims for injuries she did not personally suffer, and therefore, failed to state a claim upon which relief may be granted); Desalme v. Delta Airlines, Inc., No. Civ.A. 3:97CV0056P, 1998 WL 401617, at *3 (N.D. Tex. Jul. 10, 1998) (finding that because plaintiff lacked standing, plaintiff did not plead a cause of action, and therefore, defendant's motion for judgment on the pleadings was granted).

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Judgment on the Pleadings.  (Dkt. # 10.)

**IT IS SO ORDERED.**

**DATED:** Pecos, Texas, July 22, 2015.

_____
David Alan Ezra
Senior United States District Judge

9